<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PERRY MYLES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SECURITAS SECURITY SERVICES USA, INC.,<br><br>Defendant. | Civil Action No. 23-22507<br><br>**OPINION**<br><br>October 2, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendant Securitas Security Services USA, Inc.'s ("Securitas" or "Defendant") Motion to Compel Arbitration and Dismiss the Complaint (ECF 1, "Compl.") (ECF 9); Defendant's Motion to Dismiss the Claims of Plaintiffs Willis and Graham, Dismiss the First Amended Complaint (ECF 13, "FAC"), and Compel Arbitration as to Plaintiffs Buchanan, Geho, Godsey, Alexander, and Livingston (ECF 20); and Plaintiff's Motion to Strike. (ECF 31.) The Court reviewed all submissions in support and in opposition and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion to Compel Arbitration and Dismiss the Complaint (ECF 9) is **ADMINISTRATIVELY TERMINATED**; Defendant's Motion to Dismiss the First Amended Complaint (ECF 20) is **GRANTED**; and Plaintiffs' Motion to Strike (ECF 31) is **DENIED**.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Securitas is headquartered in New Jersey and provides security personnel to safeguard its customers' locations across the country. (FAC ¶ 4.) Plaintiffs are or were hourly-paid, non-exempt security guard employees of Securitas. (*Id.* ¶ 5.) Plaintiff Myles reported to Securitas' offices in Dearborn, Michigan from May 2023 through September 2023. (*Id.* ¶¶ 15-16.) Plaintiff Willis reported to Securitas' offices in Chicago, Illinois from approximately July 2021 through November 2023. (*Id.* ¶¶ 20-21.) Plaintiff Graham has been employed by Securitas since approximately October 2023, and reports to Securitas' offices in Chicago, Illinois. (*Id.* ¶¶ 40-41.) The FAC alleges that Securitas "typically required its security guard employees to perform uncompensated work 'off-the-clock' before and after their scheduled shifts," and that Plaintiffs often worked over forty hours in a workweek. (*Id.* ¶ 6.)

Plaintiffs initiated this action on November 20, 2023. (ECF 1.) Plaintiffs filed the First Amended Complaint on March 18, 2024. (ECF 13, FAC.) Plaintiffs allege that the uncompensated work violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (FAC ¶¶ 93-99.)

After adding additional plaintiffs in the FAC (ECF 13), the parties jointly stipulated to dismissing several plaintiffs without prejudice. (ECF 19.) As of motion briefing, the only remaining named plaintiffs in the FAC are Perry Myles, Craig Willis, and Jasmin Graham. (ECF 22.) Plaintiffs filed a notice of consent to join forms on July 1, 2024, adding several opt-in plaintiffs. (ECF 32.) On May 1, 2024, Securitas filed its Motion to Dismiss and Compel Arbitration. (ECF 20, "MTD.") Plaintiffs filed an opposition. (ECF 26, "Opp.") Securitas filed a

---

[1] The allegations in the First Amended Complaint must be accepted as true solely for purposes of the Motion, except where conclusory and/or implausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

reply brief. (ECF 30, "Reply.") On June 27, 2024, Plaintiffs filed a motion to strike portions of the reply brief. (ECF 31.) Securitas opposed. (ECF 35.) Plaintiffs replied. (ECF 36.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure

to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### B. Motion to Compel Arbitration

A court will consider a motion to compel arbitration under 12(b)(6) if "the affirmative defense of arbitrability of claims is apparent on the face of the complaint (or . . . documents relied on in the complaint)." *Guidotti v. Legal Helpers Debt Resol., LLC*, 716 F.3d 765, 773 (3d Cir. 2013) (quoting *Somerset Consulting, LLC v. United Cap. Lenders, LLC*, 832 F. Supp. 2d 474, 481 (E.D. Pa. 2011)); *see also In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (considering only documents that form the basis of plaintiff's complaint).

Conversely, a court will apply the summary judgment standard when the complaint does not contain the "requisite clarity to establish on its face that the parties agreed to arbitrate, or the opposing party has come forth with reliable evidence that is more than a naked assertion . . . that it did not intend to be bound by the arbitration agreement." *Guidotti*, 716 F.3d at 774 (internal quotations and citations omitted). Summary judgment is granted "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] "To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party, not "evidence [that] is merely 'colorable' or is 'not significantly probative.'" *Matczak v. Compass Grp. USA, Inc.*, No. 21-20415, 2022 U.S. Dist. LEXIS 32408, at *5 (D.N.J. Feb. 24, 2022) (quoting *Anderson*, 477 U.S. at 250). In deciding a motion for summary judgment, a "court must draw all inferences in favor of the non-moving party's evidence." *See Boyle v. Cnty. of Allegheny Pa.*, 139

---

[2] "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

4

F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)).

### III. ANALYSIS

#### A. Motion to Compel Arbitration and Dismiss the Complaint (ECF 9)

Defendant filed a Motion to Compel Arbitration and Dismiss the Complaint (ECF 1, "Complaint"). (ECF 9.) However, Plaintiffs filed a First Amended Complaint (ECF 13, "FAC"), and Defendant subsequently moved to dismiss the updated complaint and otherwise compel arbitration as to certain Plaintiffs. (ECF 20, MTD.) As such, the Court will **ADMINISTRATIVELY TERMINATE** Defendant's first motion as moot. (ECF 9.)

#### B. Motion to Dismiss the FAC and Compel Arbitration (ECF 20)

Defendant moves to dismiss the FAC as to Plaintiffs Willis and Graham on the grounds that their employment with Securitas was subject to a collective bargaining agreement requiring wage and hour claims to be resolved through grievance and arbitration procedures. (MTD at 6-8.) Plaintiffs do not contest that arbitration is the appropriate forum. (Opp. at 9, 14.) As such, the Court will dismiss Plaintiffs Willis and Graham **WITHOUT PREJUDICE**. The Court has otherwise already dismissed Plaintiffs Buchanan, Geho, Godsey, Alexander, and Livingston pursuant to the parties' joint stipulation of dismissal without prejudice. (ECF 21.)

Secondly, Defendant moves to dismiss the FAC for failure to state a claim under Rule 12(b)(6). (MTD at 8-10.) In response, Plaintiffs argue that they sufficiently pled violations of the FLSA. (Opp. at 15-20.)

The FLSA requires employers to pay overtime compensation for a non-exempt employee's work that is in excess of forty hours per week. *Buchspies v. Pfizer, Inc.*, No. 18-16083, 2019 WL 5078853, at *2 (D.N.J. Oct. 10, 2019) (citing 29 U.S.C. § 207). "To recover overtime

compensation under the FLSA, 'an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference.'" *Buchspies*, 2019 WL 5078853, at *2 (quoting *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014)). "To state a plausible FLSA claim, 'a plaintiff must sufficiently allege forty hours of work in a *given* workweek *as well as* some uncompensated time in excess of the forty hours.'" *Buchspies*, 2019 WL 5078853, at *3 (quoting *Davis*, 765 F.3d at 242) (emphasis in original). "The specific number of overtime hours worked is not required at the motion to dismiss stage — 'a plaintiff's claim that she "typically" worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours . . . worked during one or more of *those* forty-hour weeks, would suffice.'" *Buchspies*, 2019 WL 5078853, at *3 (quoting *Davis*, 765 F.3d at 243) (emphasis in original).

Here, the FAC does not specify how much time Plaintiff Myles "typically" worked in a week, nor does the FAC specify that Plaintiff Myles worked extra hours beyond forty hours. Though Plaintiff need not specify exact dates and times worked overtime, there is no allegation specific to Plaintiff Myles with respect to time worked or uncompensated overtime. *See Davis*, 765 F.3d at 243. As such, the Defendant's motion to dismiss (ECF 20) is **GRANTED** and the FAC (ECF 13) is **DISMISSED WITHOUT PREJUDICE**.

C.  **Motion to Strike (ECF 31)**

Plaintiffs move to strike portions of Defendant's reply brief (ECF 30, Reply) to the extent that it relies on new arguments and factual materials. (ECF 31.) In particular, Defendant asserted in its reply that Plaintiff Myles cannot assert a viable FLSA claim because, *inter alia*, Myles worked for Securitas during a limitations period and was considered a "trainee" employee that did not perform substantive work. (Reply at 8-9.)

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are decided on the pleadings alone." *Deery v. Crystal Instr. Corp.*, No. 13-198, 2013 WL 4517867, at *1 (D.N.J. Aug. 26, 2013) (citations omitted). Importantly, motions to strike are generally disfavored and granted sparingly, such as when a defense is clearly insufficient regardless of any disputed issues of fact. *See Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217-18 (D.N.J. 1993). "Even where the facts are not in dispute, Rule 12(f) is not meant to afford an opportunity to determine disputed and substantial questions of law." *Id.* at 218 (citing, *inter alia*, *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989)). The Court exercises wide discretion in considering a Rule 12(f) motion to strike. *Id.* at 217.

The Court refuses to grant Plaintiffs' motion at this time. Myles' status as a "trainee" employee and whether he worked during a limitations period raises issues of fact that are inappropriate at this juncture. As such, Plaintiffs' motion to strike is **DENIED**.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Compel Arbitration and Dismiss the Complaint (ECF 9) is **ADMINISTRATIVELY TERMINATED**; Defendant's Motion to Dismiss the First Amended Complaint (ECF 20) is **GRANTED**; and Plaintiffs' Motion to Strike (ECF 31) is **DENIED**. An appropriate order follows.

>   */s/ Jamel K. Semper*  
>   **HON. JAMEL K. SEMPER**  
>   **United States District Judge**

Orig: Clerk  
cc:    Jessica S. Allen, U.S.M.J.  
        Parties