UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**JESSICA S. ALLEN**<br>UNITED STATES MAGISTRATE JUDGE | Martin Luther King, Jr. Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102<br>(973-645-2580) |

<u>**LETTER ORDER**</u>

May 19, 2025

**To:   ALL COUNSEL OF RECORD**

**Re:   Myles v. Securitas Security Services, USA, Inc.**
<u>**       Civil Action No. 23-22507 (JKS) (JSA)**</u>

Dear Counsel:

This is a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") brought on behalf of security guards employed by Defendant Securitas Security Services USA, Inc. ("Defendant"). Before the Court is Plaintiff's motion for leave to file a second amended and substituted complaint. (ECF Nos. 40, 46). Defendant opposes the motion. (ECF No. 43). No oral argument was heard. *See* Fed. R. Civ. P. 78. For the reasons set forth below, and for good cause shown, Plaintiff's motion to amend is **GRANTED**.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]**

On November 20, 2023, then-Plaintiffs Tanner Halsey, Derrick Cannon, Christopher Shackelford, and Katelyn Coonrod filed this putative FLSA collective action, contending that they regularly worked over forty (40) hours in a workweek, and that Defendant required security personnel to perform uncompensated work "off-the-clock before and after their scheduled shifts." (ECF No. 1). On March 5, 2024, Defendant filed a motion to compel arbitration and dismiss the case, or in the alternative, strike the collective action allegations. (ECF No. 9, "Defendant's First Motion").

On March 18, 2024, Plaintiffs filed a First Amended Complaint.[2] (ECF No. 13, "FAC").

---

[1] The parties are presumed to know the background of the case. The Court repeats only what is necessary to decide the present motion.

[2] In the FAC, Plaintiffs Charles Buchanan, Perry Myles, Craig Willis, Laura Geho, John Godsey, and Randolph Alexander were substituted for Tanner Halsey, Derrick Cannon, Christopher Shackelford, and Katelyn Coonrod as named Plaintiffs, and Jasmin Graham and Bradley Livingston were also added to the case as named Plaintiffs. (*See* ECF Nos. 13 & 14). Thereafter, "the Parties . . . jointly stipulated to dismissing without prejudice Tanner Halsey, Derrick Cannon, Christopher Shackelford, Katelyn Coonrod, Charles Buchanan, Laura Geho, John Godsey, Randolph

The FAC contains one count alleging violations of the FLSA's overtime provisions on behalf of a collective group of plaintiffs defined to include "all current and former non-exempt security guard employees who worked at any location in the United States, except in California, at any time within the three years prior to the date of this Complaint through the date of the final disposition of this action . . . ." (*Id.*, ¶ 49).[3]

On May 1, 2024, Defendant filed a motion to dismiss the FAC, pursuant to Federal Rule of Civil Procedure 12(b)(6), and to compel arbitration. (ECF No. 20, "Defendant's Second Motion"). While Defendant's First and Second Motions were pending, the named Plaintiffs were reduced by stipulation to Perry Myles, Craig Willis, and Jasmin Graham. (*See* ECF No. 22). Thereafter, in response to Defendant's Second Motion, Plaintiffs Willis and Graham did not oppose Defendant's request to compel arbitration of their claims. (*See* ECF No. 26 at 9). Plaintiff Myles, however, opposed Defendant's Second Motion to Dismiss. (*Id.* at 14).

On October 2, 2024, the Honorable Jamel K. Semper, U.S.D.J., entered an Opinion and Order that: (1) administratively terminated Defendant's First Motion as moot; (2) granted, as unopposed, Defendant's Second Motion seeking to compel arbitration of Plaintiffs Willis and Graham's claims; and (3) granted Defendant's Second Motion to dismiss Plaintiff Myles's claim, pursuant to Rule 12(b)(6), because it was insufficiently pled. (*See* ECF Nos. 39-40 at 5-6, collectively, "the October 2nd Order"). It is undisputed that the October 2nd Order expressly granted Plaintiff Myles (at times, herein, "Plaintiff") leave to file a second amended complaint to cure the pleading deficiencies within thirty (30) days. (*See* ECF No. 40 at 6).

## II.   CURRENT MOTION

On November 1, 2024, Plaintiff filed the present motion for leave to file a second amended and substituted complaint (the "SAC"). (*See* ECF No. 40, "Plaintiff's Motion to Amend"). Although Plaintiff had already been granted leave to file a SAC in the October 2nd Order, Plaintiff chose to file a motion to amend—rather than simply file the SAC consistent with Judge Semper's prior approval—because the proposed amendments exceeded the scope of the October 2nd Order. (*See* ECF No. 40-1 at 5). Specifically, Plaintiff's Motion to Amend seeks to: (1) substitute Rachel Bowman ("Plaintiff Bowman") as the named plaintiff for Plaintiff Myles; (2) plead Ms. Bowman's FLSA claim in accordance with the pleading standards in the October 2nd Order; and (3) modify the definition of the proposed collective group by removing the California exclusion. (*See* ECF No. 40-1 at 5).[4]

---

Alexander, and Bradley Livingston (ECF Nos. 19 & 21), leaving only Perry Myles, Craig Willis, and Jasmin Graham as named Plaintiffs. (ECF No. 22)." (ECF No. 40-1 at 9 n.1). Defendant has referred to the change in plaintiffs as a "revolving door," while Plaintiff contends the change is due to Defendant's refusal (or inability) to timely provide Plaintiff's counsel with copies of arbitration agreements for "all identified plaintiffs or potential plaintiffs." (ECF No. 46-1 at 1).

[3] According to Plaintiff, the FAC was apparently pleaded to exclude California employees (the "California exclusion") because a separate action on behalf of California employees was already pending in the United States District Court for the Northern District of California, captioned *Gandy v. Securitas Security Services USA, Inc.*, Case No. 24-2146-CBM-SSCx (N.D. Cal.). (*See* ECF No. 46-1 at 15).

[4] Plaintiff's proposed SAC also originally sought the substitution of Cassie Gasper as a named plaintiff. (*See* ECF No. 41-1). However, after Plaintiff's Motion to Amend was filed, Defendant produced an arbitration agreement for

In opposition, Defendant argues that: (1) the FAC should be dismissed pursuant to Federal Rule of Civil Procedure 41, because Plaintiff did not file the amended complaint permitted by the October 2nd Order; (2) any proposed amendment is futile, because the proposed SAC does not cure the deficiencies with the FLSA claim identified in the October 2nd Order; and (3) the substitution of a new plaintiff and the removal of the California exclusion would cause Defendant to suffer undue prejudice. (*See* ECF No. 43 at 4-6, 8).

On reply, Plaintiff represents that he filed the Motion to Amend to address the deficiencies identified in the October 2nd Order, as well as to propose additional amendments for this Court's consideration. Plaintiff argues that there is no impediment to substituting Plaintiff Bowman as the lead plaintiff, and that her FLSA claim is not futile because it cures the pleading deficiencies identified in the October 2nd Order. (ECF No. 46-1 at 9-11). In addition, Plaintiff explains that he seeks to remove the California exclusion because the plaintiffs in the *Gandy* matter were compelled to arbitrate their claims on August 12, 2024, resulting in dismissal of the FLSA collective action claims in that case without prejudice. (*See* ECF No. 46-1 at 12-15 & Ex. 2, p.7 n.2). Accordingly, since the *Gandy* matter has been dismissed, Plaintiff argues there is no longer a need to exclude California employees from the collective group proposed in this case.

### III.    DISCUSSION

#### A.    The October 2nd Order and Rule 41(b) Relief

The Court first addresses Defendant's preliminarily argument that the FAC should be dismissed, pursuant to Federal Rule of Civil Procedure 41(b), as a sanction for Plaintiff's failure to file the specific amendment authorized by the October 2nd Order. (*See* ECF No. 43 at 4).

In support of its argument, Defendant cites *Azubuko v. Bell Nat'l Org.*, 243 Fed. Appx. 728 (3d Cir. 2007) and *Mazareigos v. Monmouth Cty. Corr. Inst.*, 2017 U.S. Dist. LEXIS 211960 (D.N.J. June 13, 2007). However, those cases involve dismissal of a complaint when the case had either been willfully abandoned or when the plaintiff expressly refused to comply with a court order, invoking the Third Circuit's well-known standard applicable to the sanction of dismissal set forth in *Poulis v. State Farm Fire & Cas Co.*, 747 F.2d 863 (3d Cir. 1984). Here, the circumstances are significantly different. Plaintiff has not failed to take any action or abandoned the case, as was so in *Azubuko* and *Mazareigos*. Indeed, Judge Semper granted Plaintiff leave to file a second amended complaint without further leave of court. Rather than file the SAC, Plaintiff has placed leave to amend, and the scope of the proposed amendment, at the discretion of the Court because he seeks an amendment that is broader than the scope authorized by the October 2nd Order. That conduct is not sanctionable and does not implicate Rule 41 or *Poulis*. Moreover, Plaintiff's proposed SAC attempts to comply with the October 2nd Order by trying to correct the pleading deficiency in Plaintiff's FLSA claim, albeit on behalf of a substitute Plaintiff. Thus, the Court finds Defendant's reliance on Rule 41 inapplicable to this motion, which is more appropriately governed by the traditional Rule 15 standards.

---

Ms. Gasper, and thus, Plaintiff withdrew the request to substitute her as a named Plaintiff. (*See* ECF No. 42; *see also* ECF No. 46-1 at 6).

B.  **Rule 15 – Legal Standard**

Where an amendment is not available as of right, Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that the court "should freely give leave when justice so requires." *Id*. The Third Circuit has construed Rule 15 as encompassing "a liberal standard for motions to amend." *Spartan Concrete Prods., LLC v. Argos USVI, Corp*., 929 F.3d 107, 115 (3d Cir. 2019). However, the court may exercise its discretion to deny leave to amend where there is "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend rests in the court's sound discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).[5]

C.  **Futility**

Defendant contends that Plaintiff Bowman's FLSA claim is futile because she does not sufficiently plead an overtime claim under the FLSA. (ECF No. 46 at 6-8). The Court disagrees.

"The trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Massarsky v. General Motors Corp*., 706 F.2d 111, 125 (3d Cir. 1983), *cert. denied*, 464 U.S. 937 (1983). However, the Rule 15 futility analysis does not contemplate substantive motion practice on the merits of a proposed claim:

> If a proposed amendment is not clearly futile, then denial of leave to amend is improper. This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990).

Thus, "while Rule 15 futility tracks Rule 12(b)(6), it does not contemplate full-blown motion practice on the merits of the claims." *Rx Re Leaf, LLC v. Relief TMS, LLC*, 2024 WL 4894768, at *5 (D.N.J. Nov. 26, 2024). In other words, "where . . . arguments in opposition to a motion to amend overlap significantly with arguments [typical of] a motion to dismiss, '[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to

---

[5] Other than the language of Plaintiff Bowman's consent form, which is addressed *infra*, Defendant does not argue any other legal impediment to Plaintiff Bowman substituting in place of Plaintiff Myles. Rather, Defendant argues only that Plaintiff's Bowman's proposed FLSA claim is futile as insufficiently pleaded and her addition as a Plaintiff is prejudicial, under Rule 15 principles. (*See* ECF No. 43 at 6 n.2). Courts generally employ a liberal attitude toward the substitution of lead plaintiffs in the class and collective contexts and evaluate such requests as part of a Rule 15 analysis. *See, e.g.*, *Rosa v. Tropicana Atl. City Corp.*, 2022 WL 111045, at *2-3 (D.N.J. Jan. 12, 2022); *Wilson v. Quest Diagnostics, Inc.*, 2020 WL 401814, at *1-2 (D.N.J. Jan. 24, 2020). Accordingly, this Court considers any argument regarding Plaintiff Bowman's substitution as part of the Rule 15 analysis.

engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss.'" *Id.* (quoting *Chubb v. INA Holdings, Inc. v. Chang*, 2016 WL 6841075, at *6 (D.N.J. Nov. 21, 2016)); *see also Mutasa v. U.S. Citizenship and Immigration Servs.*, 2022 WL 294755, at *3 (D.N.J. Feb. 1, 2022) (same) *Casciano v. City of Paterson*, 2021 WL 2434020, at *3 (D.N.J. June 15, 2021) ("The Rule 15 standard is less demanding than Rule 12(b)(6), since it does not require substantive motion practice on the merits of the claims. Applying that standard to the proposed amended pleading, it is clear that the motion to amend should be granted, and that the viability of any such claims may be examined pursuant to the standards of Federal Rule Civil Procedure 12(b)(6)."); *High 5 Games, LLC v. Marks*, 2017 WL 349375, at *5 (D.N.J. Jan. 24, 2017) (Rule 15 futility should not "usurp[] dispositive motion practice and amount[] to making embedded factual findings and dispositive decisions in the non-dispositive amendment context").

At the same time, "[to] allow a meritless claim to proceed to the motion to dismiss and motion for summary judgment stages is an abdication of judicial responsibility that serves neither justice nor efficiency." *Fishbein Family Partnership v. PPG Indus., Inc.*, 871 F. Supp. 764, 769 (D.N.J. 1994). Thus, taken together, this means that for an amendment to be futile, the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face . . . ." *Marlowe Patent Holdings LLC v. Dice Electronics, LLC,* 293 F.R.D. 688, 695 (D.N.J. 2013); *see also Meenaxi Enterprise, Inc. v. Singh Trading Co.*, 2025 WL 1189878, at *4 (D.N.J. Apr. 22, 2025) (same); *In re L'Oreal Wrinkle Cream Marketing Practices Ltg.*, 2015 WL 5770202, at *5 (D.N.J. Sept. 30, 2015) (same). Given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted).

The October 2nd Order explained the controlling standard for pleading an FLSA overtime claim, articulated by the Third Circuit Court of Appeals in *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236 (3d Cir. 2014), as follows:

> To state a plausible FLSA claim, a plaintiff must sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours. The specific number of overtime hours worked is not required at the motion to dismiss stage – a plaintiff's claim that she typically worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours . . . worked during one or more of those forty-hour weeks, would suffice.

(October 2nd Order at 6; citations and quotations, including to *Davis*, omitted).

Further, in the October 2nd Order, Judge Semper found that Plaintiff's FAC was deficient because the FAC "does not specify how much time [Plaintiff] typically worked in a week, nor does the FAC specify that [Plaintiff] worked extra hours beyond forty hours. Though Plaintiff need not specify exact dates and times worked overtime, there is no allegation specific to [Plaintiff] with respect to time worked or uncompensated overtime." (*Id.*) Thus, to successfully amend, Plaintiff

Bowman would have to address these pleading deficiencies.

Here, in her proposed SAC, Plaintiff Bowman alleges that "from May 2022 through December 2022, she would typically work from 2:00 PM to 10:00 PM, or other times, depending on what was needed," and that "[f]rom approximately December 2022 through November 2023, [she] would typically work the night shift, 10:00 PM to 6:00, Tuesday through Saturday." (SAC ¶¶ 14-15). She further alleges that she "would take on extra shift from [her] usual schedule, which would cause [her] to work overtime on the clock once or twice a month. When [she] picked up an extra shift, it would often be on a Sunday from 2:00 PM to 10:00 PM." (*Id.*, ¶ 16). Accordingly, Plaintiff claims that she frequently "worked forty hours on the clock a week based on [this] schedule," "worked overtime once or twice a month," and would spend "at least 10-15 minutes each week off the clock post-shift to brief their relief throughout [her] tenure with Defendant." (*Id.*, ¶¶ 17-18). According to Plaintiff Bowman, because she "frequently worked forty hours on the clock a week and worked overtime on the clock once or twice a month, [Plaintiff Bowman] would frequently work unpaid overtime hours off-the-clock because of their weekly off-the-clock post-shift briefing and their once or twice a month off-the-clock pre-shift briefing." (*Id.*, ¶ 20).

Defendant argues these allegations fail to state a claim under *Davis*. However, this Court is concerned only with whether Plaintiff Bowman's claim is "clearly futile" for Rule 15 purposes. *See Marlowe Patent Holdings,* 293 F.R.D. at 695; *Mutasa*, 2022 WL 294755, at *3. It is not. While the merits of the proposed claim in the SAC may be tested on a fully briefed dispositive motion, this Court cannot say that the proposed FLSA claim is frivolous or legally insufficient on its face. *See Mutasa,* 2022 WL 294755, at *3. Plaintiff alleges she typically worked forty or more hours in a week and was not compensated for overtime hours more than forty. Several courts in this District have found allegations like those in the SAC sufficient to state a plausible overtime claim under the FLSA. *See, e.g.*, *Logan v. Victory Entertainment*, 2021 WL 912814, at *4 (D.N.J. Mar. 10, 2021); *McBride v. County of Essex*, 2020 WL 6797068, at *3 (D.N.J. Nov. 19, 2020); *Buchspies v. Pfizer*, 2019 WL 5078853, at *3 (D.N.J. Oct. 10, 2019); *Boone v. Solid Wood Cabinet Co., LLC*, 2018 WL 2455924, at *2 (D.N.J. June 1, 2018); *Rivera v. Xchange at Secaucus Junction, LLC*, 2018 WL 4466037, at *2-3 (D.N.J. Sept. 18, 2018).

To be clear, this Court does not conclusively find that Plaintiff Bowman has stated a viable FLSA overtime claim. Rather, this Court finds only that the proposed SAC plausibly corrects the pleading deficiencies identified in the October 2nd Order, and thus, plausibly states a non-frivolous potential overtime claim under the FLSA to survive a futility analysis under Rule 15. Whether that claim is sufficiently pled such that it would survive a dispositive motion is a separate question not for this Court to decide on a motion to amend. *See, e.g.*, *Mutasa,* 2022 WL 294755, at *3. For that reason, Plaintiff's claim is not futile for purposes of Rule 15.

### D. **Prejudice**

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 1996) (citations omitted). This factor requires that the Court "focus on the hardship to the defendants if the amendment were permitted." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citation omitted). When evaluating this factor, the Third Circuit has "considered whether allowing an amendment would

result in additional discovery, cost, and preparation to defend against new facts or new theories." *Id*. (citations omitted). Courts in this Circuit have also "consider[ed] whether amendment would impair the non-moving party's 'ability to present its case.'" *Diebler v. SanMedica Int'l, LLC*, 2021 WL 5013617 at *4 (D.N.J. Oct. 28, 2021) (quoting *Dente v. Saxon Mortg.*, 2012 WL 1664127 at *2 (D.N.J. May 11, 2012)). However, "[i]ncidental prejudice is insufficient grounds on which to deny leave to amend." *Id*. (citing *In re Caterpillar, Inc.*, 67 F. Supp. 3d 663, 668 (D.N.J. 2014)).

Defendant contends that Plaintiff's "ad-hoc approach to identifying plaintiffs and defining the collective" group causes it prejudice sufficient to deny leave to amend. (ECF No. 46 at 8). The Court acknowledges some concern over the repeated substitution of named Plaintiffs in this case. However, at this stage of the proceedings, Defendant has not established undue prejudice that would support denial of leave to amend.

First, Defendant claims prejudice resulting from the shuffling of the specific named Plaintiffs. Yet, there is no articulated, specific prejudice that Defendant has endured due to the several substitutions. An initial conference has not been scheduled. Discovery has not commenced. Defendant has not expended resources pursing discovery from any of the named Plaintiffs. At this point, the only proceedings that have occurred is pre-answer motion practice. Thus, Defendant has not identified any cost or expense that has resulted directly from the substitution of named Plaintiffs. Nor has Defendant established that substitution of Plaintiff Bowman as the named Plaintiff would materially alter the scope of the case. In short, Defendant has not articulated any undue prejudice if the proposed amendment is granted. *See Wilson*, 2010 WL 401814, at *4.[6]

Further, while the Court could reasonably require Plaintiff to start a new case with Plaintiff Bowman, "judicial efficiency and effective case management are matters that can be considered in deciding whether amendment should be allowed." *Id.* at 4. And "despite any delay that would result from . . . the new plaintiff[], it makes sense for the parties and the Court to allow these parties to litigate all their issues in one place and with one judge, particularly one that has ruled on pre-answer motion relating to the merits of the claim." *Id.* For that reason, the Court rejects Defendant's contention that allowing Plaintiff Bowman to serve as lead plaintiff is prejudicial within the meaning of Rule 15.[7]

---

[6] Defendant appears to argue that the language of Plaintiff Bowman's consent form calls into question her willingness to serve as the named plaintiff, and that Plaintiff's counsel's form of consent has been called into question in other cases. (*See* ECF No. 43 at 9). Plaintiff objects to Defendant's "speculation" and "innuendo" about the attorney-client relationship between counsel and Ms. Bowman, and contends that such concerns are "illusory" and that counsel "should not have to violate the attorney-client privilege to prove proper representation." (ECF No. 46-1 at 13). For purposes of this motion, the Court has reviewed Plaintiff Bowman's consent form, (ECF No. 40-4), and while the form is not a model of clarity, it is signed by Plaintiff Bowman and does state that she consents to be "a party plaintiff," that she intends the consent to be filed "in this action or in any private cause of action that may be filed on my behalf for such recovery at a later time," and that "I choose to be represented by" Plaintiff's counsel. (*Id*.) To the extent Defendant believes there are representation issues that require a more fulsome examination, it is free to seek leave to file an appropriate motion under the Federal Rules, but such speculative concerns do not materially impact the analysis of prejudice under Rule 15.

[7] However, Plaintiff is cautioned that the Court will not accept the continuing substitution of plaintiffs *ad infinitum*. This case is on the precipice of inexcusably being stalled by a revolving door of named Plaintiffs. Plaintiff should be mindful that any future inclination to substitute Plaintiffs may (and should be) pursued by filing a separate action.

Second, Defendant contends that Plaintiff's change in the collective definition is prejudicial. However, Defendant does not explain with any specificity or in any material way how removal of the California exclusion would cause prejudice at this stage of the proceedings. Plaintiff has explained the basis for the change—the *Gandy* action, which was brought on behalf of California employees, is no longer pending. From the Court's perspective, removal of the California exclusion and the plausible addition of the California employees to this case would seem to be the opposite of prejudicial to Defendant. In other words, one could reasonably argue that it would make the most sense for Defendant to defend against a single FLSA case in a single court. Putting that aside, there is no basis to find that the amendment would cause undue prejudice in this case. Again, this case is in the earliest stages, with an initial conference not yet scheduled and discovery not yet commenced. Thus, there is no identifiable prejudice that would result from the proposed amendment removing the California exclusion.

## IV. **CONCLUSION**

For all the foregoing reasons, Plaintiff's Motion to Amend, (ECF No. 40), is **GRANTED**. Within **seven (7) days** of the date of this Order Plaintiff shall file the Second Amended Complaint in the form attached as ECF No. 40-3, except that all references to Cassie Gasper shall be deleted. No other changes to the proposed Second Amended Complaint are permitted. Within **twenty-one (21) days** of its filing, Defendant shall answer, move, or otherwise respond to the Second Amended Complaint.

The Clerk of the Court is directed to terminate the motion appearing at ECF No. 40.

**SO ORDERED**.

                                                  **s/Jessica S. Allen**
                                                  **Hon. Jessica S. Allen**
                                                  **United States Magistrate Judge**

cc: Hon. Jamel K. Semper, U.S.D.J.