**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RACHEL BOWMAN,

     *Plaintiff,*

    v.

SECURITAS SECURITY SERVICES USA, INC.,

     *Defendant.*

Civil Action No. 23-22507

**OPINION**

March 9, 2026

**SEMPER,** District Judge

The current matter before the Court comes upon Defendant Securitas Security Services USA, Inc.'s ("Defendant") motion to dismiss Rachel Bowman's ("Plaintiff") Second Amended Complaint ("SAC"). (ECF 49, "Mot.") Plaintiff opposed the motion. (ECF 53, "Opp.") Defendant replied. (ECF 54, "Reply".) The Court has decided this motion upon the submission of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's motion is **DENIED**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

For purposes of the instant motion, the Court does not retrace this case's full factual and procedural history. This Court's October 2, 2024 Opinion, granting Defendant's 12(b)(6) motion to dismiss Plaintiff's First Amended Complaint ("FAC"), includes a detailed recounting of the factual background of this matter. (*See* ECF 38, "October Opinion" or "Op.") To the extent relevant to the instant motion, the Court incorporates the factual and procedural history from the October Opinion herein.

1

In its October Opinion, the Court dismissed Plaintiff's FAC without prejudice because Plaintiff had not sufficiently pled a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Op. at 6.)   The Court determined that Plaintiff had failed to plead an allegation "specific to Plaintiff Myles with respect to time worked or uncompensated overtime" because Plaintiff did "not specify how much time Plaintiff Myles 'typically' worked in a week" nor did Plaintiff specify that "Myles worked extra hours beyond forty hours." (*Id.*) (citing *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014).) The Court allowed Plaintiff to file an amended complaint to cure the deficiencies identified in the October Opinion. (ECF 39 ¶ 5.)

On May 21, 2025, Plaintiff filed a Second Amended Complaint ("SAC"). (*See* ECF 49.) The SAC adds a new Plaintiff, Rachel Bowman, and substitutes her for Perry Myles as the named plaintiff in this action. (*Id.* ¶ 2.) Plaintiff Bowman, like Myles, worked for Defendant as an hourly-paid, non-exempt security guard at Defendant's customers' sites. (*Id.* ¶ 5.) Plaintiff asserts one cause of action: Defendant's violation of the FLSA for failure to pay Plaintiff and the putative class federally mandated overtime wages for all hours worked. (*Id.* ¶¶ 65-71.) On June 11, 2025, Defendant moved to dismiss the SAC for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6). (*See* Mot.) On July 21, 2025, Plaintiff filed an opposition. (*See* Opp.) On July 28, 2025, Defendant filed a reply. (*See* Reply.)

II.    **LEGAL STANDARD**

   **A. Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A

2

complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec.13, 2010).

III.    **ANALYSIS**

Defendant moves to dismiss the SAC because after "eighteen [] months" and "a revolving door of over a dozen plaintiffs and three attempted pleadings," Plaintiff still fails to plead a plausible claim for relief under the FLSA. (Mot. at 1.) Defendant argues that Plaintiff has only presented "generalized allegations" that do not satisfy the standard laid out by the Third Circuit in *Davis*. (*Id.*) Plaintiff argues that the SAC has addressed the deficiencies the Court identified with the FAC, and that Plaintiff Bowman has adequately pled a FLSA overtime claim. (Opp. at 7-13.)

Specifically, Plaintiff argues that "[u]nlike the plaintiffs in *Davis*, [she] has specifically alleged at least some overlap between her off-the-clock work and the weeks that she worked forty or more hours on the clock, which could have led to uncompensated overtime." (*Id.* at 11) (internal citation and quotations omitted).

The Court previously dismissed the FAC because it did not comport with the standards set out by the Third Circuit in *Davis v. Abington Memorial Hospital*, 765 F.3d 236 (3d Cir. 2014). While *Davis* held that a plaintiff need not identify the exact dates and times she worked overtime, a plaintiff *does* need to allege that she worked extra hours during a forty-hour week and "was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks[.]" *Id.* at 243 (emphasis in original). "More specifically, the Third Circuit found allegations that a plaintiff 'typically' worked between 'thirty-two and forty hours per week' and 'frequently' worked overtime did not state a plausible FLSA overtime claim." *Ward v. Cottman Transmission Sys., LLC*, No. 18-2155, 2019 WL 643605, at *7 (D.N.J. Feb. 14, 2019) (quoting *Davis*, 765 F.2d at 242). "In other words, the plaintiffs in *Davis* never alleged that the 'typical' week overlapped with the 'frequent' occurrences which could have led to uncompensated overtime." *Id.*

In *Ward*, Judge Hillman denied defendants' motion to dismiss because the plaintiff stated he typically worked forty hours per week and typically worked sixteen additional hours *above* those forty hours and was not compensated for that overtime. 2019 WL 643605 at *7. Conversely, in *Ford-Green v. NHS, Inc.*, Judge Buckwalter dismissed plaintiff's FLSA claim where the plaintiff did not sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours in accordance with *Davis*. 106 F. Supp. 3d 590, 610-611 (E.D. Pa. 2015). Rather, plaintiff alleged "that she was not compensated for non-voucher work, which may or may not have been work that caused her work week to exceed forty hours."

4

*Id.* at 611 (citing *Davis*, 765 F.3d at 243) ("None of the named plaintiffs has alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours.")  The court thus concluded that Plaintiff had not alleged an approximation of the hours for which she was not compensated, alleging only instead "generally that she worked more than forty hours per week" and dismissed her claim.  *Id.*

In the SAC, Plaintiff alleges that from May 2022 through November 2023, she "frequently worked forty hours on the clock a week" and "worked overtime on the clock once or twice a month."  (SAC ¶ 17.)  She alleges that from May through December 2022, she "would work as a Swing from 2:00 PM to 10:00 PM, or other times depending on what was needed" and that from December 2022 to November 2023, she "would typically work the night shift, 10:00 PM to 6:00 AM, Tuesday through Sunday."  (*Id.*  ¶¶ 14, 15.)  Plaintiff further alleges that she "would take on extra shifts from their [sic] usual schedule, which would cause them [sic] to work overtime on the clock once or twice a month."  (*Id.* ¶ 16.) Regarding uncompensated hours, Plaintiff Bowman "would spend at least 10-15 minutes each week off-the-clock post-shift to brief their [sic] relief" as well as being briefed "off-the-clock pre-shift by their [sic] co-workers at least once or twice a month throughout their [sic] tenure with Defendant."  (*Id.* ¶¶ 18, 19.)  Thus, Plaintiff alleges she "would frequently work unpaid overtime hours off-the-clock because of their [sic] weekly off-the-clock post-shift briefing and their [sic] once or twice a month off-the-clock pre-shift briefing."  (*Id.* ¶ 20.)  Plaintiff argues that she has complied with the requirements of *Davis*, because she "has alleged that the unrecorded post-shift work occurred every workweek and has alleged based on her typical schedule that she worked overtime on the clock once or twice a month, and otherwise frequently worked forty hours on the clock."  (Opp. at 10.)

5

In the October Opinion, the Court dismissed the FAC because Plaintiff failed to provide specific allegations "with respect to time worked or uncompensated overtime." (Op. at 6.) In particular, "the FAC [did] not specify how much time Plaintiff Myles typically worked in a week, nor [did] the FAC specify that Plaintiff Myles worked extra hours beyond forty hours." (*Id.*) Unlike the threadbare pleadings in the FAC, the SAC does contain specific allegations with respect to Plaintiff Bowman's uncompensated time on top of her forty-hour workweeks. Specifically, Plaintiff Bowman alleges that from December 2022 to November 2023, when she would typically work eight-hour shifts five days a week, as well as extra shifts in compensated overtime once or twice a month, "each week" she worked ten to fifteen minutes of uncompensated overtime.[1] (*Id.* ¶ 18.) The SAC has therefore met the pleading requirement established in *Davis* "that she in fact worked extra hours *during* a typical (that is, a forty-hour) week." 765 F.3d at 243 (emphasis in original).

Indeed, the Third Circuit wrote in *Davis* that "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice" to survive a motion to dismiss. *Id.* (emphasis in original). Plaintiff has plainly alleged that she worked extra, uncompensated hours during a forty-hour work week. Therefore, the Court must deny Defendant's motion to dismiss.

---

[1] Plaintiff's allegations regarding her hours from May through December 2022 do not meet the *Davis* standard, because she alleges only that she worked eight-hour shifts, but does not allege the frequency of those shifts. (SAC ¶ 14.) Furthermore, these allegations state that she would "typically" work from 2:00 PM to 10:00 PM "or other times depending on what was needed." (*Id.*) Thus, Plaintiff has not established that she in fact worked extra hours during a typical (that is, a forty-hour) week. *Davis*, 765 F.3d at 243.

6

## VI.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF 49) is **DENIED**.  An appropriate order follows.

/s/ *Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:    Clerk
cc:      Jesssica S. Allen, U.S.M.J.
         Parties